UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID HARVESTON,<br>*PLAINTIFF* | CIVIL ACTION NO. |
| V. | JUDGE |
| GULF COAST SHIPYARD GROUP, INC.<br>*DEFENDANTS* | MAGISTRATE JUDGE |

## COMPLAINT

Plaintiff David Harveston brings this action to obtain redress for deprivation of her rights under the FMLA.

### I.  PARTIES

1.  Plaintiff is David Harveston. He is a person of the full age of majority.

2.  Gulf Coast Shipyard Group, Inc. ("GCSG") is a foreign corporation which performs work in Louisiana and has its registered office is in New Orleans.

3.  GCSG is a private employer with 50 or more employees.

4.  GCSG was Harveston's employer at all times relevant to this action.

### II. JURISDICTION AND VENUE

5.  Plaintiff brings this action under the Family Medical Leave Act ("FMLA").

6.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C §§ 1331 and 1343. Jurisdiction is proper under 28 U.S.C. § 1331 because it is brought under the FMLA and presents a federal question.

7.  Venue is proper pursuant to 42 U.S.C. § 2000e-5(f)(3) because Plaintiff sought treatment in this venue and Defendant is located in this district.

### III.   FACTS

8.  Mr. Harveston was a ship fitter for GCSG.

9.  He fit metal sheets in preparation of welders to weld the sheets.

10. The job usually required two men, but GCSG failed to provide an assistant for Mr. Harveston.

11. Consequently, Mr. Harveston was required to fit sheets of metal that were 6' x 6' and 1/2" thick and weighed over 100 pounds.

12. Mr. Harveston was required to prop the sheets up and simultaneously tack the sheets in place. This required him to stand and hold the sheets in awkward positions over his head.

13. Mr. Harveston was compensated at a rate of $23.00 per hour and routinely worked 48 hours per workweek.

14. On March 11, 2015, Mr. Harveston was injured on the job.

15. After Mr. Harveston lifted one of the heavy sheets, his back got numb and his hands started tingling. Mr. Harveston had a co-worker contact the lead man who helped Mr. Harveston off the ship.

16. They took him to the safety department first aid station where he was told to rest for the rest of the day.

17. Two weeks later, Mr. Harveston continued to experience numbness and tingling.

18. So, he went to Dr. Rayner who diagnosed him with a bulging lumbar disc and recommended physical therapy.

19. The injury prevented Mr. Harveston from performing the functions of his position.

20. Mr. Harveston reported this to GCSG, who instructed him to see their doctor, who also diagnosed him with a bulging lumbar disc and prescribed therapy.

21. On or around April 9, 2015, Mr. Harveston was terminated and told that his medical expenses would be covered under worker's compensation and to be careful as to his choice of physician. So, he chose Dr. Dietze as his physician.

22. On May 11, 2015, Mr. Harveston began seeing Dr. Dietze to whom he reported lower back pain and hand numbness since his march 11, 2015 injury. Dr. Dietze opined that Mr. Harveston "suffers from back pain with intermittent bilateral leg radiation as the result of the work injury on or about March 11, 2015."

23. On June 8, 2015, Dr. Dietze again examined Mr. Harveston who was still suffering from back pain and numbness; Dr. Dietze suggested an MRI.

24. Mr. Harveston had an MRI, and again saw Dr. Dietze. Dr. Dietze identified several bulging discs and recommended additional imaging.

25. In October 2015, Dr. Dietze again examined Mr. Harveston who was still suffering from back and neck pain. Dr. Dietze suggested cervical injection treatments.

26. At this point, Respondent began playing games with Mr. Harveston.

27. Their agent unilaterally cancelled appointments for Mr. Harveston to delay his treatment and ultimately advised Mr. Harveston that it would not cover the suggested treatment and controverted his claim on December 12, 2015.

## IV. CAUSES OF ACTION

### A. FMLA Interference

28. Harveston suffered a severe workplace injury in March 2011, which resulted in serious health conditions.

29. Harveston hurt his back, which resulted in an injury, impairment, or physical condition that involved inpatient care and continuing treatment by a health care provider.

30. He sought treatment at the employer's safety unit, the emergency room, and his physicians suggested ongoing treatments including but not limited to physical therapy, cervical injections and surgery.

31. Defendant failed to notify Defendant of his FMLA rights when he was injured;

32. Defendant failed to post on its premises a notice explaining the FMLA's provisions and information concerning its procedures for filing complaints of violations of the FMLA.

33. Harveston was entitled to benefits under the FMLA.

34. Prior to the workplace injury Harveston was employed by Defendant for more than 12 months.

35. During the 12 month period prior to his injury, Harveston worked at least 1,250 hours for Defendant.

36. Defendant interfered with, restrained, and denied the exercise of and attempt to exercise his FMLA rights.

37. Defendant failed to provide any information relating to FMLA leave to Harveston after he was injured.

38. Defendant failed to put Harveston on FMLA leave.

39. Defendant terminated Harveston within 4 weeks after he suffered the injury while he was still in his protected 12 week FMLA coverage.

## B. FMLA Failure to Reinstate/Retaliation

40. Harveston sought leave to seek treatment for his workplace injury.

41. During the time in which he should have had protected FMLA leave, he was terminated.

42. He was terminated within 4 weeks of being injured and seeking time off to treat his injury.

43. Defendant never reinstated Harveston to his former position after he sought time off to treat his injury.

## V. DAMAGES

44. Due to Defendant's actions, Harveston suffered damages including: loss of income; loss of employment benefits; loss of earnings potential with benefits; medical expenses; reasonable attorney's fees and costs; and legal interest.

## VI.JURY DEMAND

45. Plaintiff hereby demands trial by jury for the claims set forth in its complaint.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Complaint be cited and served on Defendant, that Defendant be required to answer same, that after due proceeding had, judgment be rendered for Plaintiff and against Defendant in an amount to be determined as just under the circumstances, for the above listed damages as well as reinstatement or in the alternative front pay, liquidated damages, injunctive relief that Defendant be enjoined from continuing its discriminatory practices, all legal and equitable relief deemed just and proper by this Court, and for all other available statutory remedies including but not limited to costs and legal interest.

Respectfully submitted,

*/s/Chad A. Danenhower*
Chad A. Danenhower, Bar # 32845
Danenhower Law Firm, LLC
212 Park Place
Covington, Louisiana 70433
Telephone: (985) 590-5026
Facsimile:  (985) 650-0525
chad.danenhower@danenhowerlaw.com